# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODDY A. GUZMAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAUENHEIM,<br><br>　　　　Respondent. | Case No. 1:14-cv-01799- GSA-HC<br><br>ORDER TO SHOW CAUSE<br><br>(ECF No. 1) |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　On October 13, 2014, Petitioner filed the instant petition for writ of habeas corpus in the Central District of California.[1]  (ECF No. 1).  On November 17, 2014, the petition was transferred to this Court.  (ECF No. 3).  Petitioner challenges the imposition of a 102-years to life sentence imposed in 2007 by the Superior Court of Kern County on the grounds that the court impermissibly used Petitioner's 1999 and 2005 convictions sustained in Los Angeles Superior Court as prior strikes in sentencing Petitioner.  (Pet. at 8-10).[2]

///

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

[2] Page numbers refer to the ECF page numbers.

1

# I.

# DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). As the instant petition was filed on October 13, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner is challenging a 2007 sentence in Kern County Superior Court. Petitioner does not provide any specific information about appeals for his 2007 conviction. Therefore, it appears that Petitioner did not file any appeal and his direct review concluded in 2007 or 2008 when the time to file an appeal expired. It is possible, however, that Petitioner did file an appeal for his 2007 conviction. Thus, Petitioner must inform the Court whether he filed any appeals for his 2007 conviction, which courts he filed appeals in, and the dates of any orders for those appeals. If possible, Petitioner should provide the Court with a copy of any orders.

Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus, and therefore it appears that Petitioner's federal petition is untimely.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner stated that the Second Appellate District issued a

1  denial in this case in 2011. (Pet. at 5). Petitioner stated that the California Supreme Court
2  denied his petition for review on August 13, 2014. (Pet. at 6). Therefore, it appears that
3  Petitioner had habeas petitions denied in 2011 and 2014 which he is not entitled to statutory
4  tolling for because the limitations had period had already expired at the time he field his first
5  state habeas petition. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that a
6  petitioner is not entitled to tolling where the limitations period has already run). Petitioner must
7  inform the Court of all habeas petitions which he filed in the state courts, the dates which he filed
8  the petitions, and the dates of any decisions for the petitions. If possible, Petitioner should
9  include a copy of any petitions he filed and any orders. If Petitioner is not entitled to any
10 statutory tolling, it appears that his federal petition is untimely, absent equitable tolling.
11 Petitioner has not made any claims for equitable tolling.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the Petition should not be dismissed for violating the limitations period of 28 U.S.C. 2244(d).

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated:  **December 11, 2014**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE