# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODDY GUZMAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SCOTT FRAUENHEIM,<br><br>　　　　Respondent. | Case No.  1:14-cv-01799-GSA-HC<br><br>ORDER DISCHARGING THE ORDER TO SHOW CAUSE<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 13, 2014, Petitioner filed the instant petition for writ of habeas corpus in the Central District of California. (ECF No. 1). On November 17, 2014, the petition was transferred to this Court. (ECF No. 3). It appeared that Petitioner was challenging the imposition of a 102-year to life sentence imposed in 2007 by the Superior Court of Kern County on the grounds that the court impermissibly used Petitioner's 1999 and 2005 convictions sustained in Los Angeles Superior Court as prior strikes in sentencing Petitioner. (Pet. at 8-10). However, in his response to the Court's order to show cause, Petitioner stated that "the only case I am appealing is the cases in 1999 and not 2007. I want to withdraw my plea in cases 1999 and not the 2007. I would like to go to trial for the 1999 cases." (ECF No. 13).

When a prisoner files a state habeas petition in a state that contains two or more federal

judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961)). Based on Petitioner's response to the order to show cause, the instant petition attacks a judgment of conviction that was entered in the Los Angeles County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. See 28 U.S.C. § 84(c)(2). Petitioner is presently confined at Pleasant Valley State Prison located in Coalinga, California, located in Fresno County, which is within the jurisdictional bounds of the Eastern District of California. See 28 U.S.C. § 84(b). Thus, jurisdiction exists in both the Eastern and Central Districts of California.

Petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968). Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

Based on Petitioner's response to the order to show cause, he is only challenging his 1999 conviction from a judgment issued by the Los Angeles County Superior Court, and therefore, venue is proper in the district of conviction, the Central District of California, Western Division. Accordingly, this action will be transferred.

///
///
///
///

Good cause appearing, IT IS HEREBY ORDERED that the petition is transferred to the United States District Court for the Central District of California, Western Division, and the order to show cause, issued on December 11, 2014, is discharged.

IT IS SO ORDERED.

Dated:   **January 16, 2015**                              **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE